# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2011

Lyle W. Cayce
Clerk

No. 10-50187
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE SIMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-299-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Willie Simpson entered a guilty plea to a charge of possession with intent to distribute cocaine base and was sentenced to 120 months of imprisonment. Simpson reserved the right to appeal the district court's denial of his motion to suppress cocaine base seized during a search of his person.

When a district court's factual findings on a motion to suppress are based on live testimony at a suppression hearing, we will accept those findings unless they are "clearly erroneous or influenced by an incorrect view of the law."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50187

*United States v. Jackson*, 596 F.3d 236, 239-40 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 130 S. Ct. 2126, 131 S. Ct. 90 (2010). We review de novo the district court's ultimate conclusions on Fourth Amendment issues. *United States v. Charles*, 469 F.3d 402, 405 (5th Cir. 2006).

"[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *Lockett v. New Orleans City*, 607 F.3d 992, 1001 (5th Cir), *cert. denied*, 131 S. Ct. 507 (2010) (quoting *United States v. Robinson*, 414 U.S. 218, 235 (1973)). Police officers are not constrained to search only for weapons or instruments of escape on the arrestee's person; they may also, without any additional justification, look for evidence of the arrestee's crime on his person in order to preserve it for use at trial. *See Robinson,* 414 U.S. at 233-34.

Simpson does not challenge the district court's determination that Officer Duboise's search of his person was a search incident to arrest. Rather, Simpson argues that the search of his person was unreasonable under the factors identified in *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). Pursuant to *Bell*, the test of reasonableness under the Fourth Amendment "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell*, 441 U.S. at 559. We must consider (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the justification for initiating it; and (4) the place in which it is conducted. *Id*.

Simpson contends that the district court's factual finding--that no evidence existed that the officer reached inside his pants during the search--was clearly erroneous and that because the district court's denial of his motion to suppress was based on this clearly erroneous factual finding, the district court's denial of his motion to suppress should be vacated. We will, however, uphold the district court's denial of the motion to suppress "if there is any reasonable view of the evidence to support it." *United States v. Gonzalez*, 190 F.3d 668, 671 (5th Cir.

2

1999) (internal quotation marks and citation omitted). Officer Duboise's apparent reach in from the bottom of Simpson's shorts to retrieve the bag of crack cocaine did not render the search unreasonable. The search did not unreasonably infringe on Simpson's privacy interests when those interests are balanced against the legitimate needs of the police to seize the contraband Simpson carried on his person. *See Bell*, 441 U.S. at 559.

AFFIRMED.